IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BURKHART-DEAL, individually )
and on behalf of others similarly )
situated, ) C.A. No. 8-1289
)
    Plaintiff, )
)
    v. )
)
CITIFINANCIAL, INC., et al., )
)
    Defendants.

AMBROSE, C.J.

## OPINION AND ORDER

## SYNOPSIS

The parties are familiar with this litigation, which is a removed state law class action that is related to another action currently pending in this Court. The other action, brought by Plaintiff on behalf of others similarly situated, is captioned Burkhart-Deal v. Citifinancial, Inc., Docket No. 7-1747 ("Burkhart-Deal I"). In Burkhart-Deal I, this Plaintiff brought, in a single lawsuit, a collective action pursuant to the federal Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq., and a jurisdictionally independent Rule 23 class action pursuant to Pennsylvania labor laws.[1] The FLSA claims involve a so-called "opt-in" collective action, and Rule 23 creates a so-called "opt-out" class action. In an Opinion and Order dated June

---

[1] Subject matter jurisdiction for the state law class action was, and is presently, premised on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1367(d).

5, 2008, I concluded that the opt-in and opt-out actions were incompatible, and should not be bundled in a single proceeding. Burkhart-Deal v. Citifinancial, Inc., No. 7-1747, 2008 U.S. Dist. LEXIS 44469 (W. D. Pa. June 5, 2008). Therefore, I dismissed the state law class claims. Plaintiff then amended her Complaint to eliminate all of her state law claims, and subsequently filed a separate state law class action in the Court of Common Pleas of Allegheny County.[2] Defendants removed the action to this Court. The FLSA claims remain pending in Burkhart-Deal I.

Presently, Defendant Citifinancial, Inc. has filed a partial Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), on grounds that the class claims violate the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b), and that they are preempted by federal law. Defendants also argue that a Rule 23 opt-out class action is not superior to other available methods for adjudication, and that Plaintiff has not pleaded sufficient facts to support her claims under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.3.

For the following reasons, I will deny Defendant's Motion.

## OPINION

### I. APPLICABLE STANDARDS

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

---

[2] The present Complaint contains claims not included in the initial Complaint filed in Burkhart-Deal I. Thus – without engaging in a sua sponte comparative analysis of the two complaints – it appears as though my description of the Plaintiff's state and FLSA claims as "mirror image," in Burkhart-Deal I, is no longer apt.

favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."  Id. at 666.  A complaint "need not plead law or match facts to every element of a legal theory."  Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).  Stating a claim requires a complaint with enough factual matter, taken as true, to suggest the required element; this "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" that element.  Bell Atl. Corp. v. Twombly, ___ U.S. __, 127 S. Ct. 1955, 1965-66, 167 L. Ed. 2d 929 (2007).   Pursuant to Twombly, a plaintiff must "nudge [his] claims 'across the line from conceivable to plausible.'"  Masterson v. Federal Express Corp., No. 07-CV-2241, 2008 U.S. Dist. LEXIS 76054, at **7-8  (M.D. Pa. Sept. 26, 2008).  The movant bears the burden of demonstrating entitlement to relief.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## II. DEFENDANT'S MOTION

### A. Rules Enabling Act

I first address Defendant's argument that the Plaintiff's state law minimum wage and overtime class claims are barred by the Rules Enabling Act ("REA"), which requires that rules of practice and procedure in the federal courts "shall not abridge, enlarge, or modify any substantive right."  28 U.S.C. § 2072(b).  Defendant's REA argument is based, in part, on the decision in Ellis v. Edward D. Jones & Co., 527 F. Supp. 2d 439, 447 (W. D. Pa. 2007).  In Ellis, however, the court

limited its holding to actions involving collective FLSA claims and state law class action claims proceeding in a single action. Id. at 460. The present litigation does not involve that scenario; this is not a "combined opt-in/opt-out action" or a "hybrid" action. Cf. Ellis, 527 S. Supp. at 457; Woodard v. Fedex Freight East, Inc., 250 F.R.D. 178, 187 (M.D. Pa. 2008).[3] This distinguishes Ellis, and also undermines the application of the REA, in that the class claims here are not paired with other rights that might be threatened by Rule 23. Cf. Zelinsky v. Staples, No. 8-684, 2008 U.S. Dist. LEXIS 75051, at *16 (W.D. Pa. Sept. 29, 2008).

Defendant also suggests that I have already followed Ellis' conclusions, in Burkhart-Deal I, regarding the REA. In Burkhart-Deal v. Citifinancial, No. 7-1747, 2008 U.S. Dist. LEXIS 44469 (W. D. Pa. June 5, 2008), I referred to my reluctance to create a split within this district; Ellis' discussion of the incompatibility of parallel opt-in and opt-out actions proceeding in the same lawsuit; and our Court of Appeals' statement that the policy distinction between opt-in and opt-out actions is crucial.[4] Terming a colleague's discussion thoughtful and thorough,

---

[3] I take separate note of Defendant's concerns about the preclusive effect of this litigation on Burkhart-Deal I. Importantly, it is unknown at this point whether both Burkhart-Deal I and this action will be certified to proceed in collective format, or whether that certification will be maintained. It would be premature to dismiss this action at this stage based on concerns about the preclusive effects of ultimate judgments. In addition, I will not make any conclusive legal determination at this point based on speculation that a class notice might be mistaken for junk mail, or the like; as with all Rule 23 claims, putative class members will have the opportunity to control their participation in this litigation. As a related matter, I am confident that the parties and the Court are capable of arriving at a solution, whether through consolidation, sequential proceedings, or other case management devices, that will safeguard the interests of all parties to this matter and Burkhart-Deal I. Likewise, I am confident that we will be able to address Defendant's concerns about confusing notice to putative plaintiffs.

[4] I also marked, and do so again, the lack of controlling appellate precedent bearing on a Rule 23 state wage law class premised on CAFA jurisdiction. This absence encourages a cautious approach from this Court that takes into account both the Court of Appeals' suggestion regarding the importance of Congress' policy decisions, and the decision of my colleague on this Court. Just as I am unwilling to permit abrogation of Congress' policy decision to create an opt-in class, I am

however, as I did Judge Gibson's analysis in Ellis, is not the equivalent of adopting or affirming the entirety of that discussion. To the contrary, in Burkhart-Deal I, I neither relied on nor referred to Ellis' conclusions relating to the REA. As I stated recently in Zelinsky, 2008 U.S. Dist. LEXIS 75051, at **15-16, many district courts have expressed disagreement with that aspect of Ellis. In light of all pertinent considerations, I am not persuaded that Plaintiff's state law class action claims in this case violate the REA.

### B. Preemption

I next address Defendant's contention that federal law preempts Plaintiff's state law class claims. I recently rejected such an argument in Zelinsky, in part for reasons which I restate here:

> In the sixty years since Congress mandated opt-in collective actions under the FLSA, both Congress and state legislatures have had ample time to clarify whether the FLSA collective action statute was intended to completely preempt state law class actions. That neither has chosen to do so indicates to me that Congress or the States or both intend to continue permitting class actions as a remedy for violations of state wage laws. And, indeed, there are legitimate policy reasons for such a decision. It has been repeatedly noted by courts and commentators that employees may be loath to identify themselves as opt-in or named plaintiffs in wage actions for fear of retaliation from the employer.

Zelinsky, 2008 U.S. Dist. LEXIS 75051, at ** 12-13.

In support of its position, Defendant argues in favor of utilizing implied conflict preemption doctrine, as applied in contexts other than the fairly unique convergence of conflicting FLSA and state wage law classes. Defendant also appears to urge a fairly broad preemption of state wage law class actions.

---

likewise unwilling to subvert the legislative permission granted plaintiffs via CAFA and Rule 23.

Absent appellate guidance, and in light of persuasive authority to the contrary, I am unwilling to extend the law in that manner.[5] Instead, this matter remains in harmony with the principle that FLSA opt-in and state opt-out claims should not proceed in the same action, and also with the idea that an FLSA collective action and state law wage claim may proceed at the same time. De Asencio v. Tyson Foods, 342 F.3d 301, 310 (3d Cir. 2003). These principles do not counsel preemption in this case, and I reject Defendant's proposition to the contrary.

**C.    Superiority**

I next address Defendant's contention that a Rule 23 class is not a superior method of adjudicating Plaintiff's state law claims, because of the availability of an FLSA action. Defendant grounds its contention in Rule 23(b)(3), which requires a showing that a "class action is superior to other available methods for the fair and efficient adjudication of the controversy.[6] Rule 23(b)(3) includes a non-exhaustive list of factors relevant to this determination:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Certainly, a class action may be an appropriate vehicle for litigating state

---

[5]In addition, Defendant relies again on Ellis. Ellis, however, explicitly stated that its holding applied in the context of FLSA claims and state law wage claims that were asserted "in the same action." Ellis, 527 F. Supp. at 452.

[6] Plaintiff does not suggest that she intends to seek certification under any other subsection of Rule 23; therefore, for now, I will proceed under the assumption that 23(b)(3) applies.

wage law claims. See Zelinsky, 2008 U.S. Dist. LEXIS 75051, at **5-6. Whether this particular action meets the superiority requirement, however, poses a different question.[7] As we are in the early stages of this case, and also of Burkhart-Deal I, I am without information that would permit a thorough, informed assessment of the superiority of class treatment in terms of fairness, efficiency, and other pertinent factors. See, e.g., Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974).[8] In a Rule 23(b)(3) situation, "class-action treatment is not as clearly called for [as in other classes], but may nevertheless be convenient and desirable depending on the particular facts." Advisory Committee Notes, Subdivision (b)(3), Fed. R. Civ. P. 23. An assessment of whether such a class is appropriate would be premature at this juncture, and I will deny the Defendant's Motion accordingly.

**D.  WPCL Claims**

Finally, I address Defendant's assertion that Plaintiff has failed to sufficiently plead her claims under the WPCL, in Counts III and IV of the Complaint, because it has not pleaded the details of the parties' contract. "The WPCL does not create a right to recovery, but instead provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Weldon v.

---

[7]In Zelinsky, I found that the superiority demands of Rule 23 did not require plaintiffs, who chose to file state law claims and not FLSA claims, to abandon their state law claims. Zelinsky, at **18-20. In this case, however, Plaintiff has chosen to file parallel FLSA claims. That aspect of Zelinsky, therefore, does not apply here.

[8]In Burkhart-Deal I, discovery relating to the parameters of the collective plaintiff group is still underway. Moreover, as our Court of Appeals has noted, "[t]here are some differences in the comprehensiveness of the federal and state remedies as well since the FLSA remedy is only for overtime pay and the WPCL remedy is broader." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310 (3d Cir. Pa. 2003). Additionally, the statutes of limitations may differ for the state claims asserted here, and the FLSA claims in Burkhart-Deal I. The parties have not suggested whether legal differences between the two Complaints, if any, might impact the superiority determination.

Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990).

Moreover, "The Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff 'need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules.'" Barvinchak v. Indiana Reg'l Med. Ctr., No. 3:2006-69, 2007 U.S. Dist. LEXIS 72805, at *23 (W.D. Pa. Sept. 28, 2007). Here, I find that Plaintiff's Complaint sufficiently puts Defendant on notice of the WPCL claims, according to Twombly and applicable pleading standards. Cf. Cunningham v. Freedom Ford Sales, Inc., No. 03:2006-205, 2007 U.S. Dist. LEXIS 60613, at **22-24 (W.D. Pa. Aug. 16, 2007); Sherhill v. Cellco Partnership, No. 08-1111, at p. 1, fn. 2 (E.D. Pa. Apr. 7, 2008) (unpublished).

## CONCLUSION

In sum, Defendant's Motion to Dismiss will be denied.[9] I do not find that Plaintiff's claims are preempted by federal law, violate the REA, or are insufficiently pleaded. Further, at this juncture, it is premature to assess the superiority of a Rule 23 class. An appropriate Order follows.

## ORDER

---

[9] In denying the Motion, I take note of Defendant's suggestion that the conflict between an opt-in and an opt-out class does not "magically disappear" just because the classes maintain different positions on the docket. To the contrary, the impermissible aspect of the conflict does vanish - albeit for reasons related to the facts of legal procedure, rather than legerdemain. For example, as this case and Burkhart-Deal I proceed with separate class notices and separate class formation, there will be no de facto single aggregate class that would effectively nullify the FLSA's opt-in procedure. The cases will go forward independent of each other, and the integrity of the Congressionally mandated opt-in class may be preserved. Cf. Sherhill v. Cellco Partnership, No. 08-1111 (E.D. Pa. Apr. 7, 2008) (unpublished).

AND NOW, this 31st day of October, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss (Docket No. [3 ]) is hereby DENIED. To the extent that the Motion is denied based on the superiority of a Rule 23 class action, this Order is entered without prejudice to Defendants.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court

.