IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY BURKHART-DEAL,                    )
individually and on behalf            )
of all others similarly situated,     )   C.A. no. 8-1289
                                      )
        Plaintiff,                    )
                                      )
    v.                                )

CITIFINANCIAL, INC., and
DOES 1 - 10, inclusive,

        Defendants.


**OPINION AND ORDER**

In this civil action, Plaintiff brings a state-wide class action under Fed. R. Civ.

P. 23, on behalf of current and former Financial Sales Representatives ("FSRs")

employed by Defendant in Pennsylvania, to recover unpaid wages, including

overtime compensation, pursuant to Pennsylvania wage and hour laws.   The

parties are familiar with the ongoing discovery issues in the parallel FLSA case,

Burkhart-Deal I, and no background is necessary.

In the context of pre-certification discovery, Plaintiff moves to compel the

production of certain documents, concerning the relevant time period: 1) those

identifying all FSRs in PA during the relevant time period; 2) those concerning

quota, goal, target, budget, or objectives with respect to FSRs labor hours, labor

costs, or payroll costs in PA; 3) those concerning prospective or retrospective

determinations that particular tasks by FSRs, or overtime work, would or would

not be compensated; and 4) documents regarding complaints regarding FSR

compensation, for all PA locations.[1]

In connection with the Motion to Compel, Plaintiff also moves to extend deadlines relating to class certification. For the following reasons, the Motion to Compel will be granted in part and denied in part; the Motion to Extend Deadlines will be granted.

## I. MOTION TO COMPEL

### A. Standards

A party may take discovery on any matter, not privileged, relevant to a party's claim or defense. Fed. R. Civ. P. 26. At the pre-certification phase, the Court "has the authority 'to limit pre-certification discovery to evidence that, in its sound judgment, would be 'necessary or helpful' to the certification decision,' given the requirements of Federal Rule of Civil Procedure 23...." Duran v. Portfolio Recovery Assocs., LLC, No. EP-08-CA-165-FM, 2008 U.S. Dist. LEXIS 108435, at *16 (W.D. Tex. Oct. 30, 2008). In turn, Fed. R. Civ. P. 23 requires Plaintiff to demonstrate numerosity, commonality, typicality, and adequacy of the class, claims, or representative.

> The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [certification] requirements; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification.

Sloan v. C & C Collings Co., No. 85-3315, 1986 U.S. Dist. LEXIS 22525, at **5-6 (E.D. Pa.

---

[1] The discovery papers reveal some definitional dispute regarding the term "FSR," which is not raised in support of or opposition to the Motion to Compel. Therefore, I use the term "FSR" and assume the parties have resolved, or are able to resolve, their disagreement.

Jul. 21, 1986).

## B. Complaints - Request No. 22

I first address the parties' dispute regarding "complaints" documents, embodied by Request No. 22:

> All documents concerning any complaint or allegation by any party during the Relevant Time Period that you failed to fully, appropriately, or lawfully compensate any FSR. This Request includes, but is not limited to, any documents and/or files created as a result of any complaints hotline and/or any investigation of any complaint.

In response to a dispute over a similar Request in Burkhart-Deal I, the Court directed that Defendant provide information regarding a sampling of seven percent of Defendant's branches nationwide. Plaintiff now seeks the production of similar information from all of Defendant's Pennsylvania branches. Defendant argues that included in the seven percent nationwide sampling are thirty-one percent of the Pennsylvania branch offices, and that percentage is sufficient in this case.

The Burkhart-Deal I sample included 32 of Defendant's 104 Pennsylvania offices, with seventy-two branches remaining unplumbed. Complaints statewide are unquestionably relevant to certification issues in this case, and bear on issues of numerosity, typicality, and commonality. In the parallel federal case, Defendant has already asked over two hundred managers and HR professionals nationwide to search their individual files. During a telephone conference, Defendant advised that it contacted appropriate personnel at each branch and asked them to look through their files for responsive documents, rather than engaging in a centralized, system-driven search.

Although Plaintiff was unsatisfied with Defendant's methodology, I find that it would suffice in this context - particularly as here, unlike in the federal case, the information represents a sampling of over half of the pertinent branch offices. Defendant proffers no reason that this type of individual-driven search would be unduly time-consuming or expensive.

I will, however, impose several measures that are intended to protect Defendant. In the first instance, I will permit the requested discovery regarding a total of sixty percent of Defendant's Pennsylvania branches, in order to represent a sampling of more than half.[2] Accordingly, with all due haste, the parties shall arrive at an agreement regarding an additional thirty Pennsylvania branches to be the subject of discovery. For similar reasons, I will direct Defendant to produce responsive information from its Ethics Hotline, regarding those Pennsylvania branches.[3]

In addition, Defendant objects that expanding the e-mail search that is to be conducted in <u>Burkhart-Deal I</u> will be costly and burdensome. Electronic discovery issues have been slow to resolve in the federal case, and the parties are still in the process of negotiating and executing a resolution. I will not now require Defendant to expand its e-discovery obligation in the federal case, the parameters of which have not been clarified, to search all of its e-

---

[2]A sampling of more than half of Pennsylvania's branch offices, taken in combination with the other discovery permitted by today's Opinion and Order, together is sufficient for Plaintiffs to investigate class certification issues, which involve an alleged policy or practice of failing to pay minumum wage and/or overtime.

[3]It is true that some manner of overlap between certification and merits is unavoidable, because both issues involve whether FSRs were denied overtime compensation. Nonetheless, I cannot preclude Plaintiff from taking discovery relevant to certification merely because the results could prove applicable in the next phase.

mail files for Pennsylvania branches.  That imposition would be unjustified –
particularly because 31% of Pennsylvania branches are already included in
that sampling, and Defendant will be producing additional discovery as a
result of today's Opinion and Order.   Accordingly, the sampling of electronic
discovery in <u>Burkhart I</u> represents a reasonable opportunity for Plaintiff to
obtain certification information in this case, as well as a reasonable burden for
Defendant.

Finally, I address the relevant time period for discovery purposes.  This
lawsuit was filed on August 7, 2008.   The Pennsylvania Wage Payment and
Collection Law has a three-year statute of limitations.  43 Pa. S.A. § 260.9a(9).
While I neither analyze nor find this limitations period applicable to any
particular claim or claims in this case, I refer to the limitations period for
guidance in setting the parameters for the present Motion.  Limiting the
relevant time period for pre-certification discovery to three years is more
than reasonable under the circumstances.   At this stage of discovery,
Defendant will not be required to produce information for the time period
prior to August, 2005.[4]

### C. Identity of FSRs - Request No. 6

First, I address the dispute regarding Plaintiff's Request No. 6, which
reads:

Documents sufficient to identify all FSRs who work or worked at
any of your Pennsylvania retail store locations during the relevant

---

[4]This time limitation shall apply to all discovery encompassed by my Opinion and Order
today.

time period.[5]

Defendant argues that Plaintiff is not entitled to this information.  It argues that producing identities is burdensome, and constitutes a "fishing expedition."

Courts have reached differing results regarding the extent to which pre-certification discovery of the identity of potential class members is appropriate.  Compare, e.g., Rosen v. J.M. Auto, Inc., No. 07-61234, 2009 U.S. Dist. LEXIS 36097 (S.D. Fla. Apr. 17, 2009); with Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812, 814 (C.D. Ca. 2007) and Wiegele v. Fedex Ground Package Sys., 2007 U.S. Dist. LEXIS 9444.   The most apropos guiding principles to be drawn from the relevant authority are not bright-line rules, but concepts that rest on the basic purposes and underlying rules of civil discovery, and that allow some degree of sensitivity to the facts and parties before the Court.

In this case, the requested discovery will reasonably assist Plaintiff's attempt to meet the requirements of Rule 23 certification in a case that is, at this point, properly before the Court.[6]   There is no question that the identity of FSRs in Pennsylvania is reasonably calculated to lead to the discovery of

---

[5]The parties each refer to information such as addresses and telephone numbers.  It is unclear whether "identify" is a defined term in the discovery requests, or whether the parties merely assume that it refers to contact information.

[6]In resisting production of identifying documents, Defendant cites to In re Mortgagors of Temple-Inland Mortg. Corp., No. 99-CV-4633, 2001 U.S. Dist. LEXIS 1918 (E.D. Pa. Jan. 24, 2001).  In that case, the Court did not allow pre-certification discovery of potential class members' identities, as subject matter jurisdiction had not been established, and the original named class representatives' claims were time-barred.  The court determined that it would not permit discovery "so that an initial representative [may be] discovered and subject matter jurisdiction established with the unwilling assistance of the defendant"; instead, it dismissed the claim.  Unlike in that case, we are not presently faced with the mutually exclusive paths of either dismissal or pre-certification discovery.

admissible evidence regarding commonality, typicality, and numerosity of the proposed class.

I must, however, consider Defendant's interests. In that vein, Defendant's concern, that Plaintiff's wish for FSR identities is part of a "fishing expedition," is not devoid of appeal. The typically expressed worry surrounding pre-certification discovery is that it will be used to obtain new clients, or broaden a class, rather than to support certification. In this particular case, the potential class will be limited to a particular type of employee in Pennsylvania, during a particular time period. This limited class definition mitigates the danger of abuse. Additionally, I cannot, with discovery ongoing, evaluate Defendant's contention that Plaintiff has found nothing to support her class claims. I have little doubt that the opportunity will arise, in subsequent stages of this litigation, to thoroughly evaluate that contention.

Additionally, Defendant avers that it will be overly burdensome to produce the identities of potential class members. Defendant's previous proposal to produce a list of FSRs by branch, identity number, and position, however, weakens its claim of undue burden.[7] While I am loath to be seen as penalizing Defendant's quite welcome attempts at cooperation, I see no reason that compiling identifying information imposes any burden on Defendant greater than that imposed by its alternative proposal. An "undue"

---

[7]In addition, Defendant has not advised me how the identity number, rather than the name, would be of use to Plaintiff in any way– e.g., that identity numbers are used in overtime compensation records, or the like, such that Plaintiff could correlate the numbers in order to derive relevant information.

burden is one that is unjustified; in this case, without more, I cannot find the burden unwarranted.

As a final matter, the fact that Defendant evidenced a willingness to compile information other than employee names leads me to suspect that it harbors privacy concerns regarding its employees, which can be addressed by the Court. At a minimum, I will direct that discovery is to be produced to Plaintiff's counsel only, and may only be used in connection with this litigation. If Defendant seeks additional protections, the Court is amenable to requests for appropriate measures.

### D. Overtime Approval/Acknowledgement Forms - Request Nos. 9, 10, and 17

Next, I address the parties' dispute over Request No. 10, which reads:

> All documents concerning any effort by you to investigate, settle or resolve any dispute or complaint by any FSR that you failed to pay him or her appropriate overtime and/or work break compensation, including but not limited to all forms signed by any FSR entitled "Acknowledgement of Receipt of Overtime and/or Work Break Compensation" and/or "Acknowledgement of Receipt of Overtime Compensation."[8]

Plaintiff complains that Defendant denies the existence of the titled documents referenced by Plaintiff, and should produce all acknowledgement forms, even those not bearing the titles stated in the Request. Plaintiff, however, is under the obligation to formulate her own

---

[8] Plaintiff does not challenge Defendant's response to the investigation/complaints aspect of its response to this Request, in which it stated that it found no responsive documents for the Pennsylvania branches included in the Burkhart I sampling.

discovery requests.  Plaintiff, having asked for documents bearing a specified title, cannot protest Defendant's statement that there are no documents bearing that title.   Defendant is entitled to respond to the Request as written.

I note, too, that Plaintiff's request seeks forms "including but not limited to" those with the specified titles.  Plaintiff has proffered no reason to assume that Defendant ignored that inclusive language.  To the contrary, Defendant states that it has searched for "all forms that acknowledged receipt of overtime payment outside of the normal payroll process from branch employees in Pennsylvania during the class period," and found no responsive documents.  I will not rewrite Plaintiff's discovery request at this point, nor chide Defendant for glibness.  The response is sufficient under the circumstances, except to the extent that it did not include the thirty Pennsylvania branches discussed <u>supra</u>.  In that event, Defendant shall respond to the Request regarding those branches.

As a related matter, Request No. 9 reads as follows:[9]

> All documents concerning the approval of overtime worked or to be worked by FSRs during the Relevant Time Period, including but not limited to prospective or retrospective requests for such approval, and manuals, memoranda or other documents establishing your policies and procedures for such approval.

With these Requests, Plaintiff explains that it seeks overtime approval

---

[9]Request No. 17 reads as follows: "All documents concerning any prospective or retrospective determination by you that an FSRs time spent performing a particular task or type of task should or need not be compensated."  I agree with Defendant's overbreadth objection.  The information properly sought is encompassed in Request No. 9, which essentially seeks a subset of the information requested in No. 7.

forms used in some of Defendant's Pennsylvania branches.  Defendant

argues that the forms are not relevant.  Plaintiff contends that in order to

be compensated for overtime, an FSR must obtain approval.  Plaintiff

complains, presently, that Defendant has not produced such documents for

any person other than Plaintiff.  Defendant, in turn, suggests that these

forms are typically used to request and approve overtime in advance, and

might occasionally be used for overtime already worked.  In particular,

Plaintiff's claims involve the failure to pay wages already earned.   While

information regarding pre-approval for overtime may be reasonably

calculated to lead to the discovery of admissible evidence on the merits of

Plaintiff's claims, it is not sufficiently related to Plaintiff's class certification

briefing.   This particular category of document strays too far from the

certification question.

        After-the-fact denial of overtime is, however, directly relevant to

certification issues.   I do note that Defendants' 30(b)(6) designee stated that

he was unaware of a single denial of a request to approve overtime already

worked.  Nonetheless, Defendant shall produce responsive documents, if

any, regarding the denial of overtime already worked.   A search for this

type of document in the designated thirty  branches should not be unduly

burdensome.  Defendant states that such documents are retained in hard

copy files at the individual branch level; Defendant may include them in any

directive to search for documents in connection with Request No. 22,

<u>supra</u>.[10]

### E. Documents Relating to Quotas/Budgets - Request No. 26.

Finally, I address the parties' dispute over Request No. 26, which reads

as follows:

> All documents concerning any quota, goal , target, budget, or objective with respect to FSRs labor hours, labor costs, or payroll costs for any Pennsylvania retail store location during the relevant time period.

Defendant avers that it has no reason to believe that such documents,

as requested by Plaintiff, exist, and that Defendant would not know where

to look for them.  Discovery laws require only that litigants make a

reasonable effort to discover information.  In light of Defendant's

explanation and the efforts that it has already expended, and in light of

Plaintiff's very bare proffer to the contrary, I agree that requiring Defendant

to conduct additional searches for the requested documents would be

unreasonable.  Defendant is not required to expend every effort to search

for documents that Plaintiff thinks should, but don't, exist – merely to prove

to Plaintiff their non-existence.   Counsel's signature on discovery materials is

sufficient certification that reasonable steps have been taken.   Defendant

specifically stated in its responses that investigation is ongoing, and it is

aware of its obligation to supplement its responses.

## II. MOTION FOR EXTENSION OF TIME

_____

[10]Defendant mentions that responding would require searches of offsite archives, which would be overly burdensome.  It proffers no other information in support of that contention. Nonetheless, I assume that the limitations that I have placed on the discovery will alleviate some of that burden.

Plaintiff has filed a Motion for Extension of Deadlines related to class certification.  The Motion will be granted solely in order to accommodate my Order on the Motion to Compel, as well as any discovery currently underway.  I will grant the sixty-day extension of time, subject to the caveat that Plaintiff may not use the additional time period to propound new discovery requests.

## CONCLUSION

In conclusion, Plaintiff's Motion to Compel will be granted in part and denied in part.  Excluding the time period prior to August, 2005 for all Requests discussed herein, Defendant shall respond to Request Nos. 6, 9, 10, and 22 regarding thirty Pennsylvania branch locations, in addition to those included in the Burkhart-Deal I sample, to be agreed upon by the parties. Information produced in response to Request No. 9 is to be produced to Plaintiff's counsel only, and may only be used in connection with this litigation.

As discussed in the body of the Opinion, Defendant need not expand its electronic records search beyond that ongoing in Burkhart-Deal I. Additionally, the Motion to Extend deadlines will be granted, but no new discovery propounded during the extension.  This resolution, overall, permits discovery that is sufficiently broad to provide Plaintiff a realistic opportunity to meet certification requirements, and also to protect Defendant from overly burdensome or irrelevant discovery.[11]   The Court

_____

[11]Nothing in this Order shall be construed as applicable to Burkhart-Deal I.

cautions the parties to carefully consider their existing deadlines, as well as the Court's earlier rulings, before involving the Court in future discovery disputes.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 18th day of June, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Compel (Docket No. [42]) is hereby granted in part and denied in part, and the Motion to Extend Deadlines (Docket No. [40]) is granted, as fully set forth in the body of the Opinion.

Class Certification discovery shall close on July 15, 2009, and Plaintiff's Motion for Class Certification shall be due by July 27, 2009; Defendant's opposition thereto by August 24, 2009, and the Plaintiff's Reply by September 11, 2009.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Chief Judge, U.S. District Court